IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WALTER BURKE WADE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:13-cv-394 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT A. MCDONALD,[1] | ) | By: Hon. Robert S. Ballou |
| Secretary, Department of | ) | United States Magistrate Judge |
| Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[2]

Plaintiff, Walter Burke Wade ("Wade"), filed this action *pro se* alleging age discrimination, violations of his rights as a whistleblower and workplace retaliation at the Veterans Affairs Medical Center in Salem, Virginia ("Salem VAMC"). Defendant moved to dismiss Wade's claims under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P Rule 12(b)(6) for failure to state a claim. For the reasons set forth below, I grant Defendant's motions and dismiss this action.

### A. Factual Allegations[3]

In February 2006, Wade was employed as a urologist at the Salem VAMC. Wade reported to administrators his concerns that nurses were disruptive in surgery and the impact

---

[1] Robert A. McDonald became the Secretary of the Department of Veterans Affairs on July 29, 2014, and is substituted for Eric K. Shinseki as the defendant in this suit pursuant to Fed. R. Civ. P. 25(d).

[2] This case is before the court on consent jurisdiction pursuant to 28 U.S.C. § 636(c).

[3] Wade filed a standard employment discrimination complaint form with an attached page of typewritten allegations. Dkt. No. 1. Wade subsequently submitted numerous additional documents to the Court, setting forth facts and allegations in support of his claims. Dkt. Nos. 2, 5, 19, 20, 27, 30, 32, 40. The following factual summary is culled from Wade's various submissions, and has been narrowed to address those issues relevant to the claims before this Court. The facts are set out in the light most favorable to Wade as the non-moving party.

1

such actions could have on patient care. Wade later lodged his concerns with U.S. Congressman Bob Goodlatte, which prompted Congressman Goodlatte to write to the Salem VAMC and to request an explanation regarding Wade's disclosures.

On February 2, 2007, Wade wrote a letter to the Salem VAMC Acting Chief of Staff, Dr. Maureen McCarthy, reiterating his concerns about disruptive behaviors at the Salem VAMC and its impact on patient care. A month later in March 2007, the Salem VAMC charged Wade with disrespectful conduct related to incidences of inappropriate and unprofessional conduct. Wade's supervisor, Dr. Gary Collin, proposed suspending Wade for ten (10) days and on May 30, 2007, Dr. Collin issued a letter suspending Wade without pay from June 4 through June 14, 2007. Wade then filed an age discrimination complaint with the Equal Employment Opportunity Commission (EEOC) office asserting that the Salem VAMC suspended him because of his age.

When Wade returned from his suspension, the Salem VAMC notified him that he was under investigation regarding multiple allegations of patient abuse; specifically, that Wade had inappropriately exposed a patient and intentionally hurt a patient in surgery. Wade contends that Dr. McCarthy informed him that if he did not voluntarily resign, the Salem VAMC would present the accusations of patient abuse to the hospital board with a recommendation that he be fired. Ultimately, Wade chose to resign his position at the Salem VAMC on June 30, 2007. At the time of his resignation, Wade was sixty five years old.

After his resignation, Wade applied to positions at more than twenty VA medical centers. Some of the VA medical centers simply rejected Wade's application. Others extended to Wade a tentative employment offer, but each of those offers were subsequently rescinded. Wade claims that the Salem VAMC retaliated against him for complaining to Congressman Goodlatte and for filing an EEOC charge relating to the 10 day suspension by engaging in efforts to undermine his

2

career by providing negative, misleading and false information to prospective employers, which prevented him from being hired for the positions he sought.

Wade also claims that his supervisor, Dr. Collin, had an age-related animus toward him and gave negative employment references to prospective employers. Wade bases this claim on a statement Dr. Collin made in an earlier unrelated legal proceeding that Wade "could not do the work of younger urologists." Dkt. No. 2. Wade further asserts that Dr. Collin told a prospective employer that Wade could not do the work unless he was limited to clinic work, which Wade relates to his age. Dkt. No. 2.

**B.     Administrative Complaints**

Wade has filed multiple administrative charges, including two EEOC charges and three Merit Systems Protection Board ("MSPB") challenges seeking to address the various wrongs he claims to have suffered at the Salem VAMC.

**1.     Merit Systems Protection Board ("MSPB")**

On June 27, 2007, Wade appealed his 10 day suspension to the MSPB, and he later amended his appeal to challenge his retirement from the Salem VAMC claiming that he was forced to retire (the "First MSPB Appeal"). Dkt. Nos. 35-1 and 35-3. On August 16, 2007, the MSPB dismissed Wade's claim for lack of jurisdiction, finding that a 10 day suspension is not appealable to the MSPB,[4] and that Wade failed to assert non-frivolous allegations that he resigned involuntarily. Dkt. No. 35-3. Wade filed a Petition for Review, and on December 17, 2007, the MSPB issued a Final Order denying Wade's claim and notifying him of his right to appeal to the Federal Circuit within 60 days. Dkt. No. 35-5. Wade did not appeal this decision.

---

[4] The MSPB's jurisdiction is statutory, and includes adverse employment decisions involving removal, suspension for more than 14 days, reduction in grade or pay, or furlough. See 5 U.S.C. §§ 1204, 7512 & 7701.

3

On July 23, 2007, Wade filed a second appeal with the MSPB, alleging unspecified harassment by the VA in reprisal for whistleblowing activity related to his disclosures to Congressman Goodlatte (the "Second MSPB Appeal"). Dkt. No. 35-7. On September 11, 2007, the ALJ dismissed this claim for lack of jurisdiction, finding that Wade failed to exhaust his administrative remedy, and failed to make non-frivolous allegations that he engaged in protected whistleblowing activity and that a protected disclosure was a contributing factor in his 10 day suspension. Dkt. 35-8. Wade did not appeal this decision.

On November 14, 2013, Wade filed a third MSPB claim alleging that officials at the Salem VAMC willfully obstructed him from securing employment elsewhere in retaliation for his protected whistleblowing activity regarding his disclosures to Congressman Goodlatte (the "Third MSPB Appeal"). On January 13, 2014, the ALJ entered an Order to Show Cause why these were not collaterally estopped by denial of the Second MSPB Appeal. Dkt. No. 35-10. This claim is still pending before the MSPB.

### 2. Equal Employment Opportunity Commission ("EEOC")

On May 23, 2007, Wade filed a complaint with the EEOC alleging harassment and discrimination related to his 10 day suspension, Dkt. No. 27-9, but withdrew this complaint on August 13, 2007. Dkt. No. 27-8.

In November 2009, Wade filed a second complaint with the EEOC alleging that he was not being hired at other VA facilities because of age discrimination and in retaliation for filing a an EEOC complaint for age discrimination while he was at the Salem VAMC. Dkt. 27-1.

The Equal Employment Opportunity Commission ("EEOC") held a hearing on February 28, 2012 regarding Wade's complaints, and on May 12, 2012, the ALJ denied Wade's claim in a written decision. Dkt. No. 27-8. The ALJ defined Wade's claim as whether the VA

4

discriminated against him on the basis of age and reprisal (prior EEO activity) when he was not selected for four medical positions at other VA facilities: 1) Staff Care position in Anchorage, Alaska in April 2009; 2) Urologist in West Palm Beach, Florida in June 2009; 3) Urologist at Memphis, Tennessee in June 2009; and 4) locum tenens position in Anchorage, Alaska in December 2009.[5] Dkt. No. 27-8, 30-5, p. 6. The ALJ concluded that neither Dr. McCarthy nor Dr. Collin either discriminated or retaliated against Wade by attempting to affect his applications for medical positions at other VA facilities.

Wade requested reconsideration of the decision, and on June 6, 2013, the EEOC denied Wade's request and notified him of his right to file a civil action in the appropriate United States District Court within ninety calendar days. Dkt. No. 5, p. 2. Wade filed this action on August 22, 2013.[6]

## II.

**A.     12(b)(1)**

Defendant moves to dismiss Wade's claims under Rule 12(b)(1) on the ground that the court lacks subject matter jurisdiction where Wade has failed to exhaust his available administrative remedies. See Stoyanov v. Mabus, CIV WDQ-07-1764, 2009 WL 4884518, at *2 (D. Md. Dec. 9, 2009)(holding that the failure to exhaust administrative remedies deprives federal courts of subject matter jurisdiction over claims arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") 42 U.S.C. § 2000e–3(a), the Age Discrimination in

---

[5] The ALJ noted that the accepted claims before the EEOC originally included eleven VA positions; however Wade withdrew his name from consideration for five of the positions and the ALJ dismissed claims related to two positions because Wade failed to make timely complaints about consideration for those positions. Thus, only four VA positions were included in the EEOC's final decision. Dkt. No. 27-8, p. 2.

[6] Wade filed an additional EEOC claim at a later unknown date, alleging that he was subject to unlawful employment discrimination based on his age and in reprisal for prior EEO activity as evidenced by his failure to be hired for a urologist position in Biloxi, Mississippi. On December 31, 2013 the EEOC entered a decision dismissing Wade's claim. Dkt. No. 30-18. There is no indication in the record that Wade appealed this decision, and it is not referenced in the Complaint filed with this Court.

Employment Act, ("ADEA") 29 U.S.C. § 621, *et seq*., and the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8)).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When a court considers subject matter jurisdiction, the burden of proof is on the plaintiff to establish that the court has subject matter jurisdiction. Id. Additionally, in determining whether jurisdiction exists, the court is instructed to "'regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

1. **Whistleblower Protection Act**

The Whistleblower Protection Act of 1989 was "enacted for the purpose of protecting federal employees who disclose government illegality, waste, and corruption." McKinney v. Reich, Civ. A. No. 5:95-0160, 1996 WL 498187, at *2 (S.D.W. Va. Mar. 25, 1996)(quoting 5 U.S.C. § 1201). The WPA includes an individual right of action for certain personnel actions (those proscribed in 5 U.S.C. § 2303(b)(8)), and provides that the administrative remedy mechanism to challenge an adverse employment decision in violation of the WPA is through the MSPB. 5 U.S.C. § 1221(a); see also McKinney, 1996 WL 498187, at *3.

The MSPB is created by the Civil Service Reform Act, which includes a detailed administrative scheme to resolve complaints and creates the MSPB administrative appellate authority. 5 U.S.C. §§ 7501–7703; Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998). Certain federal employees may administratively appeal to the MSPB adverse employment decisions

involving removal, suspension for more than 14 days, reduction in grade or pay, or furlough. See 5 U.S.C. §§ 1204, 7512 & 7701. Judicial review of a claim under the WPA is appropriate only after the MSPB has issued a final decision on the claim. See 5 U.S.C. §§ 1214(c)(1), 7703; Harris v. Evans, 221 F. Supp. 2d 635, 636 (D. Md. 2002).

The Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals of MSPB decisions concerning claims of adverse personnel actions. 28 U.S.C. §1295(a)(9), DiPaulo v. Potter, 570 F. Supp. 2d 802, 808 (M.D.N.C. 2008). The statutory scheme of vesting all appeals of MSPB decisions in the Federal Circuit fulfills one "indisputable Congressional objective" that "the Federal Circuit should be the uniform voice in federal personnel matters." Afifi v. U.S. Dep't of the Interior, 924 F.2d 61, 64 (4th Cir. 1991). An exception to Federal Circuit jurisdiction exists for appeals to the MSPB that involve discrimination claims in addition to a qualifying adverse personnel action. 5 U.S.C. § 7702(a)(1). These "mixed-case appeals"[7] are reviewable by federal district courts. 5 U.S.C. § 7703(b)(2); Afifi, 924 F.2d at 62–63; Vanyan v. Hagel, 1:13CV171 LMB/IDD, 2014 WL 1304285, at *10 (E.D. Va. Apr. 1, 2014).

Accordingly, unless allegations of discrimination are presented, appeals of MSPB decisions lie exclusively with the Federal Circuit. See Meehan v. United States Postal Service, 718 F.2d 1069, 1074 (Fed. Cir.1983). The Federal Circuit also has exclusive jurisdiction over appeals of non-mixed-case decisions where the MSPB determines that it lacks jurisdiction over a case. DiPaulo, 570 F. Supp. 2d at 810 ("Whether the MSPB's interpretation of its jurisdiction was correct should be decided by the Federal Circuit, not one of the nearly 100 federal district courts, so that a uniform rule of MSPB jurisdiction can be crafted.")

---

[7] An appeal filed with the MSPB is a "mixed-case appeal" if it "alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2); DiPaulo v. Potter, 570 F. Supp. 2d 802, 815 (M.D.N.C. 2008)

7

Here, this court lacks subject matter jurisdiction over Wade's WPA claims for two reasons. First, Wade's MSPB claims were not "mixed-case appeals" because they related only to personnel actions and did not include allegations of discrimination. The EEOC complaint and the allegations made in this court included discrimination claims. However, Wade made no such discrimination claim to the MSPB. Additionally, the MSPB dismissed both of Wade's actions for lack of jurisdiction, which precludes this Court from exercising jurisdiction over the appeals. Rather, the proper appeal is to the Federal Circuit. See 5 U.S.C. §§ 7702(a)(1), 7703(b)(2); DiPaulo, 570 F. Supp. 2d at 809.

Second, Wade's appeal of the MSPB decisions to this Court is untimely. A petition for review of a MSPB decision in mixed case appeals must be filed within 60 days of receipt of the decision. See 5 U.S.C. § 7703(b)(1)(A). The 60-day filing period is "statutory, mandatory, [and] jurisdictional." Monzo v. Dept. of Transp., 735 F.2d 1335, 1336 (Fed. Cir. 1984). The final decisions in Wade's MSPB claims were rendered on September 7, 2007 and December 17, 2007. Thus, the window to file an appeal had long passed when Wade filed this action in 2013.

Wade filed his appeal of the MSPB decisions in the wrong court, and years after the deadline to seek review in the Federal Circuit. Thus, this Court lacks subject matter jurisdiction over those decisions. Accordingly, Wade's claims for violation of the WPA, made through the MSPB, were not properly exhausted, and must be dismissed with prejudice under Rule 12(b)(1). See Fry v. Johanns, CIV. 1:06CV158, 2006 WL 2828678, at *5 (W.D.N.C. Oct. 2, 2006).

2. **Constructive Discharge**

Wade's Complaint includes a constructive discharge claim, alleging that he was forced to resign because of his whistleblowing activities. If a federal employer discriminates against an employee and purposely makes the employee's job conditions so intolerable that a reasonable

8

person would feel forced to resign, then the resignation is a constructive discharge—a distinct discriminatory "act" for which there is a distinct cause of action. Young v. Nat'l Ctr. for Health Servs. Research, 828 F.2d 235, 238 (4th Cir. 1987). Wade included his constructive discharge claim in his first MSPB complaint, which was dismissed for lack of jurisdiction. For the reasons set forth above, this Court does not have jurisdiction over an appeal of that decision. Wade did not include a constructive discharge allegation in his EEOC complaints; thus his constructive discharge claim has not been exhausted and must be dismissed under Rule 12(b)(1).

### 3. ADEA and Title VII

Wade contends that Defendant discriminated against him based on his age (ADEA) and retaliated against him for filing a claim with the EEOC (Title VII).[8] Defendant asserts that the Court has jurisdiction over Wade's ADEA and Title VII claims only to the extent that Wade has fully exhausted those claims with the EEOC.

An age discrimination claim is limited by the scope of the EEOC charge. "Before a plaintiff may file suit under…the ADEA, he is required to file a charge of discrimination with the EEOC," Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009), and the administrative charge frames the scope of any future litigation. Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent…lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (discussing Title VII); see

---

[8] Wade's pleadings consistently assert that he is claiming retaliation for protected disclosure under the WPA, based upon his communications with Congressman Goodlatte. As discussed above, Wade's WPA claims were not administratively exhausted, and thus are not within the jurisdiction of this Court. Wade's EEOC charge alleged that he was retaliated against because he filed a prior EEO complaint. To the extent that Wade also claims retaliation based upon filing an EEO complaint, that claim does not fall within the protection of the WPA, but rather, falls within the purview of a Title VII retaliation claim. See Stoyanov v. Mabus, CIV WDQ-07-1764, 2009 WL 4884518, at *7 (D. Md. Dec. 9, 2009) aff'd, 385 F. App'x 297 (4th Cir. 2010).

9

also Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (If "the claims raised ... exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.") (discussing Title VII).  Thus, this Court has jurisdiction to consider on appeal only those claims stated in, or reasonably related to, Wade's EEOC charge.

Defendant argues that Wade's EEOC charge related only to his failure to be hired by various VA medical centers, and thus, this Court does not have jurisdiction over the portions of Wade's claims that relate to actions by Salem VAMC officials.  The EEOC defined Wade's claim as:

> Whether the aggrieved was discriminated against on the basis of Reprisal (Prior EEO Activity and Protected Disclosure) with respect to Harassment/Hostile work Environment (non-sexual) when between November 2007 and December 2009, management provided unfavorable information to prospective employers, which resulted in, offers of employment being rescinded.

Dkt. No. 30, p. 9.

The EEOC denial decision notes "[i]t was apparent during the hearings process that [Wade] was focused on litigating the events which occurred at the Salem Medical Center prior to his retirement rather than the non-selections.  During the hearing, the undersigned repeatedly reminded Complainant that the accepted allegations were the four non-selections." Dkt. No. 27-8, p. 6 n. 7. However, the denial decision goes on the analyze Wade's claims related to retaliation and age discrimination by officials at the Salem VAMC, finding that Wade failed to demonstrate that the Salem VAMC officials acted with discriminatory or retaliatory animus. Dkt. No. 27-8.

Courts are advised to liberally construe EEOC charges in the ADEA context, given that the predominant purpose of an EEOC filing is to put defendants on notice of potentially viable claims and to screen out spurious ones. Griffith v. Wal-Mart Stores East, L.P., No. 6:12-cv-

10

00011, 2012 WL 5465501 at *6 (W.D. Va. Aug. 24, 2012) (citing Conron v. Novatec, Inc., Civ. Action No. RDB-08-45, 2008 WL 2559386, at *3 (D. Md. June 23, 2008)).  The EEOC decision went beyond its defined claim and addressed Wade's contention that officials at the Salem VAMC discriminated against him because of his age and retaliated for having filed an EEOC claim.  Accordingly, I find that Wade's claims of retaliation and age discrimination by actors at the Salem VAMC are included in and/or are reasonably related to his EEOC complaint and are properly within the subject matter jurisdiction of the Court.

Further, a plaintiff may raise a Title VII claim of retaliation for filing a previous EEOC charge for the first time in federal court.  Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992).  Thus, Wade's claim of retaliation for filing a prior EEOC charge is properly before this Court, and is not limited by his prior administrative filings.

**B.   12(b)(6)**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) the remaining age discrimination and retaliation claims within this Court's jurisdiction for failing to state a claim upon which relief can be granted.  A court must dismiss an asserted claim where a plaintiff fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When ruling on a Rule 12(b)(6) motion, the Court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).  The court must evaluate the complaint in its entirety, as well as documents attached to or incorporated into the complaint, but may not go beyond those documents without converting the motion into one for summary judgment. Fed. R.

Civ. P. 12(b–d), 56; Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). "An employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss," Jones v. Air Line Pilots Ass'n, Int'l, 642 F.3d 1100, 1104 (D.C. Cir. 2011); however, a plaintiff must still plead sufficient facts to show a plausible entitlement to relief. Spaeth v. Georgetown Univ., 839 F. Supp. 2d 57, 62 (D.C. Cir. 2012).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a district court may not rewrite a complaint to include claims that were never presented or construct the plaintiff's legal arguments for him. Bryant v. Malbus, CIV. L-10-2206, 2011 WL 2436547, at *2 (D. Md. June 13, 2011). *Pro se* plaintiffs must still do more than a "formulaic recitation of the elements of a cause of action." Hansen v. Siemens Energy, 3:12-CV-00370-GCM, 2012 WL 5388920, at *2 (W.D.N.C. Nov. 1, 2012) (citing Twombly, 550 U.S. at 555).

In deciding the motion to dismiss under Rule 12(b)(6), I have constrained my review to Wade's Complaint.

**1. Age Discrimination**

Wade administratively exhausted the claim that he was not hired for various positions at certain VA medical centers around the country because of his age. Wade claims that he applied for positions at numerous VA medical centers, and he was either denied employment, or accepted and later rescinded, and that "there is some reason to infer age was a decision." Dkt. No. 19, p. 5. To prevail on a claim for failure to hire claim under the ADEA, Wade must

establish a prima facie case by demonstrating that: (1) he is a member of the protected class, i.e. at least 40 years old; (2) he was qualified for the job for which the employer was seeking applicants; (3) he was rejected for the job despite being qualified; and (4) the position remained open and the employer continued to seek or accept applications from persons outside the protected class or substantially younger with the same qualifications. Davenport v. Anne Arundel County Bd. of Educ., GLR-12-1335, 2014 WL 510930, at * 6 (D. Md. Feb. 6, 2014) (citing Laber v. Harvey, 438 F.3d. 404, 430 (4th Cir. 2006)). [9]

Here, taking the allegations in Wade's Complaint as true, Wade asserts, at most, an unsubstantiated conclusion that his failure to be hired at the various VA medical center positions was related to his age. Wade does not identify any evidence from the facilities that declined to hire him that the decision was related to any age-related animus from the persons at those facilities. Rather, Wade focuses his age claim on a statement made by his former supervisor, Dr. Collin, in an earlier unrelated medical malpractice deposition that Wade "could not do the work of younger urologists." Dkt. No. 2. Wade also asserts that Dr. Collin told a prospective employer that Wade "could not do the work unless [he] was limited to clinic work." Dkt. No. 2. Wade extrapolates from these statements that Dr. Collin discriminated and retaliated against him by providing negative references to the various VAMC selecting officials.

Wade's allegations about the statements made by Dr. Collin regarding his age are unavailing. The Fourth Circuit has held that stray or isolated statements concerning age are insufficient to support an age discrimination case. O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542, 548–49 (4th Cir.1995), rev'd on other grounds, 517 U.S. 308 (1996) (isolated or ambiguous statements are too abstract and too irrelevant to support a finding of age

---

[9] Courts recognize that, to prove an ADEA claim against the federal government, a plaintiff must make the same showing as would be required against a private employer. See Baqir v. Principi, 434 F.3d 733, 744 (4th Cir. 2006).

13

discrimination). Dr. Collin's alleged statement that Wade "could not do the work of younger urologists" was made years earlier in a deposition in an unrelated medical malpractice case. Wade advances no claim that this statement was communicated to the hiring officials at other VA medical centers. Rather, Wade asserts that the statement evidences an age-related animus by Dr. Collin. Wade also relates Dr. Collin's statement to a prospective employer that Wade "could not do the work unless [he] was limited to clinic work," to his age. Dkt. No. 2. There is no support in the facts, aside from Wade's conclusory assertions, that this statement relates in any way to Wade's age. These are the type of stray, isolated and/or ambiguous statements that are insufficient to advance a claim of age discrimination. See O'Connor at 549; Dockins v. Benchmark Communications, 176 F.3d 745, 749 (4th Cir. 1999) ("[S]tatements about age, unlike statements about race or gender, do not rest on a we/they dichotomy and therefore do not create the same inference of animus.")

Even assuming that Dr. Collin's statements evidence a discriminatory age-related animus, it requires a stretch beyond plausibility to causally relate these statements to Wade's failure to be hired by the various VA medical centers. Wade must show some nexus between the alleged discriminatory statements and the Defendant's employment decisions at issue. Id. Here, there is nothing in the record to establish who the hiring decision-makers were at each VA medical center, whether the hiring officials spoke with Dr. Collin, and whether the hiring officials had knowledge of Dr. Collin's statements. Wade did not proffer any evidence of ageist comments by the VAMC selecting officials. Dr. Collin's alleged statements alone do not establish a plausible claim that the various VA medical centers would have hired Wade "but for" his age.

Wade's Complaint also fails to establish that he was qualified for the various positions he was seeking. Aside from alleging that he worked as a urologist for the Salem VAMC, and that

the jobs he was seeking were for urologist positions, Wade provided no information regarding his qualifications for the jobs at issue. Even more importantly, Wade failed to proffer any evidence with regard to whether the positions remained open after he was rejected, whether there were other applicants, and if so, how their qualifications and/or age create an inference of discrimination.

Wade's Complaint does not contain sufficient facts to support his claim that he was not hired due to intentional age discrimination by officials at the Salem VAMC or by the prospective employers at the other relevant VA medical centers. An employee's own "naked opinion" that he was the victim of age discrimination, without more, does not establish a viable prima facie case of age discrimination. Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 603-04 (D. Md. 1998).

### 2.     Retaliation

Title VII prohibits employers from "discriminat[ing] against any of [its] employees… because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).[10] To state a claim of retaliation, a plaintiff must allege that (1) he engaged in protected activity, such as filing an EEO complaint; (2) the employer took adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. Krane v. Capital One Servs., Inc., 314 F. Supp. 2d 589, 610 (E.D. Va. 2004). Wade's allegations satisfy the first two prongs of this test. His prior EEO complaint constitutes protected activity and the

---

[10] In Baqir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006), the Fourth Circuit allowed a federal employee to pursue a retaliation claim under Title VII, although it noted that Title VII does not explicitly provide federal employees with a cause of action.

failure to be hired for other positions is an adverse employment action.[11] Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Wade's allegations in the Complaint fail to offer a causal relationship between his protected activity and his failure to be hired at other VA medical centers.

To establish a causal connection, a plaintiff must show that the employer took action *because* he engaged in a protected activity. Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). "Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). It is not enough that the adverse actions merely followed the protected activity unless the two events were close in time. Rupert v. Geren, 605 F. Supp. 2d 705, 715 (D. Md. 2009); see also Crockett v. SRA Intern., 943 F. Supp. 2d 565, 573 (D. Md. 2013) (temporal proximity of four months is insufficient to suggest causation). Wade offers no evidence suggesting that the hiring officials at the various VA medical centers where he applied and was rejected were aware of his EEOC activity, approximately two years before, when they declined to hire him. See Baqir v. Principi, 434 F.3d 733, 748 (4th Cir. 2006) (plaintiff must show that the relevant officials at the VA were aware of his contact with the EEO Counselor or his filing of an administrative complaint at the time the alleged retaliation occurred). Likewise, Wade's Complaint contains no allegations that any employees at the Salem VAMC took any action to prevent his employment at other VA

---

[11] To qualify as an adverse action under the anti-retaliation provision of Title VII, the employer's action must be "materially adverse" to the employee and be capable of dissuading a reasonable employee from complaining about discrimination. Maron v. Virginia Polytechnic Inst. & State Univ., 508 F. App'x 226, 230 (4th Cir. 2013) (citing Burlington No. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

medical facilities.[12]  Accordingly, Wade's claim of retaliation based upon his EEO conduct must be dismissed for failure to state a claim.

### III.

For the foregoing reasons, the Court will, by separate Order, **GRANT** Defendant's Motion to Dismiss (Dkt. No. 11) and dismiss Wade's claims **WITH PREJUDICE**. While courts are normally hesitant to dismiss a *pro se* litigant's complaint for failure to state a claim pursuant to Rule 12(b)(6) without granting leave to amend his complaint, I find such a dismissal warranted in this case.  The motion to dismiss was fully briefed, and the Court allowed oral argument on March 18, 2013.  Following the hearing, the Court permitted the parties leave to file supplemental evidence, and Wade filed a significant amount of additional evidence in support of his position.[13] See Dkt. Nos. 30, 32, 40. The Court has thoroughly reviewed all records on the docket, which reveal or suggest no evidence of a potentially cognizable claim.  There has likewise been no suggestion by Wade or the facts that additional evidence exists to bolster the claims. Accordingly, I find it proper to dismiss all claims with prejudice.

Enter:  September 18, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

[12] Wade submitted additional evidence to the Court setting forth facts and allegations in support of his claims. That evidence includes an allegation that Salem VAMC official Dr. McCarthy told one prospective employer that she would not hire him again because she was concerned about his patient abuse accusations. Dkt. No. 19, p. 2.  Wade also asserts that his employment record, maintained by a system called "Vet Pro," contains false allegations of disruptive and quality issues, causing him to be denied prospective employment. Dkt. No. 19, p. 4.  Wade claims that the Salem VAMC fabricated those allegations in retaliation for his prior EEOC conduct.  Wade does not offer any other allegations probative of a retaliatory animus. Wade proffers neither facts, nor the requisite temporal proximity, to causally relate the alleged false accusations and negative employment reference to his failure to be hired at more than twenty VA facilities.  Even if these additional factual allegations were included in an amended complaint, they would be insufficient to meet the pleading standards under Iqbal, 556 U.S. 662 (2009) and Twombly, 550 U.S. 544 (2007), and state a claim for retaliation under Title VII.

[13] The supplemental evidence was considered to the extent it related to Defendant's motion to dismiss pursuant to Rule 12(b)(1).